IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
PETER J. SMITH,            )
                           )
    Plaintiff,             )
                           )    CIVIL ACTION NO.
    v.                     )     2:24cv708-MHT
                           )         (WO)
CITY OF MONTGOMERY,        )
ALABAMA, et al.,           )
                           )
    Defendant.             )
```

OPINION

Plaintiff Peter J. Smith brings claims against a municipal entity and several city officials and police officers asserting a variety of claims under federal and Alabama law, all stemming from an incident in which a city officer asked Smith--who was standing on the sidewalk outside of a credit union watching a news report--to move to the sidewalk across the street and called for backup when he refused. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be

dismissed for failure to state a claim, without leave to amend.* In response to the magistrate judge's recommendation, plaintiff filed an objection. In the objection, plaintiff does not request leave to amend the complaint. Moreover, his very brief objection is frivolous, conclusive, and general, and, thus, in direct violation of the magistrate judge's express warning. *See* Recommendation (Doc. 7) at 8.

After an independent and de novo review of the record, and because the plaintiff has not requested leave to amend the complaint despite having the opportunity to do so, the court concludes that the plaintiff's objection should be overruled and the magistrate judge's recommendation adopted. The court adds that, to the extent that plaintiff seeks to bring

---

\* The magistrate judge read plaintiff's complaint as asserting a claim against only the city, but plaintiff used "et al." in the case style when naming the defendants and listed multiple additional defendants in the body of the complaint. Nevertheless, the magistrate judge's reasoning applies to the claims against the additional defendants just as it does to the defendant city.

**claims for voter harassment and intimidation, racial profiling, discrimination on the basis of race, age, and/or gender, elder abuse, or federal witness tampering, all of which he mentions in passing, his complaint fails to state such claims.**

**An appropriate judgment will be entered.**

**DONE, this the 3rd day of June, 2025.**

                                         /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**